**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Khanh Phuong NGUYEN, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Tuyet Mai Thi Phan, Defendant— Appellant.**

Nos. 00–10353, 00–10406.

D.C. No. CR–99–00158–JSU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided June 8, 2004.

See also 123 S.Ct. 2130.

Mark E. Kondas, Esq., Office of the U.S. Attorney, Karon V. Johnson, AUSA, Hagatna, GU, for Plaintiff–Appellee.

Howard Trapp, Esq., Rawlen M.T. Mantanona, Mantanona Law Office, Rawlen

Mantanona, Esq., Law Office of Rawlen Mantanona, Hagatna, GU, for Defendant–Appellant.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Khanh Nguyen and Tuyet Phan appeal their convictions for conspiracy to import methamphetamine (Count 1), aiding and abetting the importation of methamphetamine (Count 2), and attempting to possess with intent to distribute more than fifty grams of methamphetamine (Count 3). They argue that evidence was improperly admitted at trial, that the evidence was insufficient to support their convictions, and that Phan should have been sentenced as a minor participant. We reverse the convictions on Counts 1 and 2, affirm the convictions on Count 3, and remand for resentencing on the remaining count.

■ The district court properly admitted evidence of Nguyen's and Phan's familial relationship with Thanh Phuong Nguyen, whose driver's license address matched that indicated on the package of drugs delivered to Phan and opened by Nguyen. *See United States v. Hicks,* 103 F.3d 837, 843 (9th Cir.1996) (evidentiary rulings reviewed for abuse of discretion.) The fact was relevant to the question of whether Phan and Nguyen knew they were receiving a package containing drugs based on the coded words and numbers on the package's address label. The evidence was prejudicial only in the sense that it made Phan's and Nguyen's participation in the crime more likely. The probative value of the evidence was not "substantially outweighed by the danger of unfair prejudice." Fed R. Evid. 403.

■ There was sufficient direct and circumstantial evidence to support Phan's and Nguyen's convictions on Count 3. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In addition to evidence from which the jury could conclude that the numbers on the package were a code used to signal that drugs were inside, there also was evidence showing that: 1) Nguyen and Phan were related to each other and to the sender of the package; 2) Phan engaged in furtive driving and conduct immediately after retrieving the package; 3) Phan and the person who sent the package likely used Americanized assumed names; 4) cylinders formerly containing the methamphetamine were found in Nguyen's bathtub and toilet when agents entered Nguyen's apartment; 5) "clue spray" was found on Nguyen's hands; and, 6) drug paraphernalia and large amounts of money were found in Nguyen's apartment. From this, a fact finder could reasonably conclude that Nguyen and Phan knowingly attempted to possess with intent to distribute the more than 50 grams of methamphetamine that agents found inside the package.

■ As the government concedes, reversal is required on Counts 1 and 2. The transit of drugs through international airspace en route from California to Guam does not constitute "importation" within the meaning of 21 U.S.C. § 952(a). *United States v. Cabaccang,* 332 F.3d 622, 635 (9th Cir.2003) (en banc). At trial, no evidence was presented that the package was delivered any way other than by non-stop flight from California to Guam. Thus, the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Government failed to prove that Nguyen and Phan conspired or aided and abetted in the importation of methamphetamine.

The district court correctly found that Phan was not entitled to an offense level adjustment for being a minor participant. U.S.S.G. § 3B1.2. *See United States v. Benitez*, 34 F.3d 1489, 1497 (9th Cir.1994) (a ruling that a defendant is not entitled to a § 3B1.2 role adjustment is reviewed for clear error).

We reverse Appellants' convictions on Counts 1 and 2, affirm their convictions on Counts 3, and remand for resentencing on the remaining count.

AFFIRMED IN PART, REVERSED IN PART.